**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JULIE A. DOBROWIAK,

      Plaintiff,

                                        Case No. 04-73495
v.                                          Hon. Gerald E. Rosen

CONVENIENT FAMILY DENTISTRY, INC.,

      Defendant.

_____/

**OPINION AND ORDER REGARDING
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    <u>September 28, 2007</u>

PRESENT: Honorable Gerald E. Rosen
                     United States District Judge

## I. **INTRODUCTION**

In this suit, Plaintiff Julie A. Dobrowiak alleges that her former employer, Defendant Convenient Family Dentistry, Inc.,[1] unlawfully terminated her employment as a dental hygienist in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Plaintiff also has asserted a state-law claim of intentional infliction of emotional distress. This Court's subject matter jurisdiction rests upon Plaintiff's assertion of a claim arising under the federal FMLA. <u>See</u> 28 U.S.C. §§ 1331, 1367(a).

---

[1] As discussed below, there is a question as to whether Plaintiff has properly identified the entity that employed her. This question, however, ultimately is immaterial to the Court's resolution of the pending summary judgment motion.

Through the present motion, Defendant now seeks summary judgment in its favor on Plaintiff's federal and state-law claims. In support of this motion, Defendant argues: (i) that the entity that actually employed Plaintiff does not qualify as an "employer" under the FMLA because it did not meet or exceed the threshold number of employees during the relevant period; (ii) that Plaintiff has failed to establish a *prima facie* case under the FMLA, both because she allegedly did not notify her employer of her need for a leave of absence and because the decision to terminate her employment purportedly was made before the need for any such leave arose; and (iii) that, even if Plaintiff could establish a *prima facie* case, she cannot show that the legitimate reason given for her termination — her allegedly poor job performance — is a pretext for an unlawfully motivated employment decision.

Defendant's motion has now been fully briefed by both parties. Having reviewed the parties' briefs in support of and opposition to Defendant's motion, the accompanying exhibits, and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendant's motion "on the briefs." See Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court finds that Plaintiff has failed to identify a genuine issue of material fact as to whether the entity that employed her meets the FMLA's definition of an "employer." Absent evidence that could establish this element of Plaintiff's FMLA claim, the Court need not address the

remaining arguments advanced in Defendant's motion.

## II. FACTUAL BACKGROUND

Because the Court resolves the present motion on the threshold question of Defendant's status as an "employer" under the FMLA, it need not address the portions of the record bearing upon the substantive aspects of Plaintiff's FMLA claim. Rather, the Court recounts only those facts that are pertinent to Plaintiff's eligibility for coverage under the FMLA, with the record being viewed in a light most favorable to Plaintiff as the non-moving party.

In February of 2003, Plaintiff was hired as a full-time dental hygienist by an entity she identifies as "Convenient Family Dentistry."[2] Most of her work in this position was performed at a location in Grand Blanc, Michigan, where an entity known as Grand Blanc Dental Center, P.C. ("GBDC") operates a general dentistry practice. However, she worked approximately one day a month at a location in Burton, Michigan, where an entity identified as Convenient Family Dentistry, P.C. ("CFD") operates a general dentistry practice.

There are various connections between these two dentistry practices. GBDC was formed by Dr. Carl I. Schwartz, DDS in 1966, and he then created CFD several years later to assume the operation of another general dentistry practice that he had purchased.

---

[2]Although Plaintiff's complaint identifies her employer as "Convenient Family Dentistry, Inc.," all apparently are agreed that there is no such entity.

The two practices remain under common ownership,[3] along with a third practice, Dental Group of America Specialty Center, P.C., that is located in Grand Blanc — operating out of the same building as GBDC — and provides specialty dental services such as periodontics, oral surgery, and endodontics.[4] Hygienists occasionally are sent from GBDC to CFD on an as-needed basis, even in mid-shift, and at least some dentists work at both locations on a regularly scheduled basis. Finally, the two locations share an Internet website, "www.convenientfamilydenistry.com," and are identified jointly as "Convenient Family Dentistry" in yellow page and other advertisements.

### III. ANALYSIS

**A.     The Standards Governing Defendant's Motion**

Through the present motion, Defendant seeks an award of summary judgment in its favor on both Plaintiff's federal FMLA claim and her state-law claim of intentional infliction of emotional distress. Under the pertinent Federal Rule, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court has explained, "the plain language of Rule 56(c) mandates

---

[3] Defendant states that these entities are now owned by the Carl I. Schwartz revocable living trust.

[4] As discussed below, Plaintiff's effort to establish an "employer" within the meaning of the FMLA is focused exclusively on GBDC and CFD, and not Dental Group of America Specialty Center.

4

the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

**B.     Plaintiff Has Failed to Identify a Genuine Issue of Material Fact as to Her Eligibility for Coverage Under the FMLA.**

Plaintiff's federal claims in this case arise under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* In particular, Plaintiff claims that she was denied her entitlement under the FMLA to up to 12 weeks of leave per year to care for her daughter who suffered from a serious health condition, see 29 U.S.C. § 2612(a)(1)(C), and that her employer unlawfully interfered with or retaliated against her attempt to take the leave granted to her under the statute, see 29 U.S.C. § 2615(a). As its first ground for challenging these claims, Defendant argues that Plaintiff has failed to put forth evidence that establishes her eligibility for coverage under the FMLA. The Court agrees.

Only an "eligible employee" is entitled to the 12 weeks of annual leave conferred under the FMLA. 29 U.S.C. § 2612(a)(1). The statute defines an "eligible employee" as an individual who has been employed for at least 12 months by an "employer," and who has worked at least 1,250 hours for this "employer" within the previous 12-month period. 29 U.S.C. § 2611(2)(A). The FMLA further provides that the term "employer" means "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar

5

workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i); see also 29 C.F.R. § 825.105 (describing how the 50-employee threshold should be determined). It is Plaintiff's burden to establish her eligibility for FMLA coverage as an element of her claims under the statute. See Hackworth v. Progressive Casualty Insurance Co., 468 F.3d 722, 726 n.4 (10th Cir. 2006); Minard v. ITC Deltacom Communications, Inc., 447 F.3d 352, 356-57 (5th Cir. 2006); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 516, 126 S. Ct. 1235, 1245 (2006) (holding that the analogous 15-employee threshold under Title VII "is an element of a plaintiff's claim for relief, not a jurisdictional issue"); Cobb v. Contract Transport, Inc., 452 F.3d 543, 549-50 (6th Cir. 2006) (confirming that the ruling in Arbaugh carries over to the FMLA context).[5]

Defendant's first, and broadest, challenge to Plaintiff's showing on this point rests upon the premise that Plaintiff was employed solely by GBDC, the practice that initially hired her and where she worked most of the time. As its principal support for this contention, Defendant cites the affidavit of Maryanne Rykulski, the general manager of CFD, who states that Plaintiff worked "almost exclusively" for GBDC and received her "regular paychecks" from this entity. (Defendant's Motion, Ex. E, Rykulski Aff. at ¶¶ 5-6.) Ms. Rykulski further states that on the "rare occasion" when Plaintiff worked for CFD, she received a separate paycheck from this entity for the services provided to this practice. (Id. at ¶ 6.) If Plaintiff were viewed as an employee of GBDC alone, Defendant

---

[5]Although Defendant initially cast its eligibility challenge as jurisdictional, it has since abandoned the contention that the Court lacks subject matter jurisdiction in light of the decision in Arbaugh.

6

states without contradiction that this entity regularly employed only 13 employees during the relevant time period, well below the 50-employee minimum necessary to qualify as an "employer" under the FMLA.

As Defendant acknowledges, however, the regulations implementing the FMLA permit two or more separate entities to be deemed "a single employer for purposes of [the] FMLA if they meet the 'integrated employer' test." 29 C.F.R. § 825.104(c)(2). "Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility." 29 C.F.R. § 825.104(c)(2). According to the pertinent regulation:

> A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality. Factors considered in determining whether two or more entities are an integrated employer include:
>
> > (i) Common management;
> > (ii) Interrelation between operations;
> > (iii) Centralized control of labor relations; and
> > (iv) Degree of common ownership/financial control.

29 C.F.R. § 825.104(c)(2).

In her response to Defendant's motion, Plaintiff marshals a significant amount of evidence in support of the proposition that GBDC and CFD should be treated as a single "integrated employer" for purposes of determining her eligibility for coverage under the FMLA.[6] She points to evidence, for example, that a single individual, Maryanne

---

[6]As noted earlier, Plaintiff does not contend, and has made no effort to show, that a third entity that shares common ownership with GBDC and CFD — *i.e.,* Dental Group of America

Rykulski, appears to have significant management responsibilities over both GBDC and CFD; that the two entities hold themselves out to the public, through their advertising and otherwise, as a single practice known as "Convenient Family Dentistry;" that employees are exchanged between the two entities, both as needed and on a regularly scheduled basis; and that the two entities share a common set of work rules, policies, procedures, and forms. In addition, it is uncontested that GBDC and CFD are commonly owned and financially controlled. The Court is quite prepared to assume, then, that Plaintiff has raised issues of fact, at a minimum, as to whether GBDC and CFD may be deemed a "single employer" under the "integrated employer" test.

Yet, as she recognizes, (see Plaintiff's Response Br. at 15), this conclusion is ultimately unavailing to Plaintiff unless she *also* points to evidence which, if viewed in a light most favorable to her, establishes that this "single employer" met the 50-employee statutory threshold during the relevant time period. Plaintiff's effort to make this showing is distilled into a list prepared by her attorney that purports to identify 55 individuals employed by the GBDC/CFD "integrated employer" for 20 weeks or more during calendar year 2004. (See Plaintiff's Response, Ex. J.) Plaintiff explains that this list was compiled from a combination of (i) Defendant's admissions in response to Plaintiff's requests for admissions, and (ii) information culled from corporate documents produced

---

Specialty Center, P.C. — should be treated as part of the single "integrated employer" for which she worked. While the Court has not considered the issue at any length, in light of Plaintiff's failure to pursue it, it appears that much of the evidence Plaintiff cites in support of her assertion that GBDC and CFD are an "integrated employer" would not carry over to Dental Group of America Specialty Center, P.C.

by Defendant during the course of discovery. Specifically, Plaintiff asserts that 42 employees of the GBDC/CFD "integrated employer" have been identified as a result of Defendant's admissions, while 13 additional employees were uncovered through a review of corporate documents.

As Defendant correctly points out, Plaintiff's showing on this issue is defeated by her failure to carefully craft requests for admissions that would establish the matters of relevance to the FMLA 50-employee inquiry. Under the statute and its implementing regulations, the GBDC/CFD "integrated employer" qualifies as an "employer" in the present case only if it "employ[ed] 50 or more employees . . . during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i); see also 29 C.F.R. § 825.105(e) (stating the relevant test as whether the employer "maintained 50 or more employees on the payroll during 20 or more calendar workweeks (not necessarily consecutive workweeks) in either the current or the preceding calendar year"). Plainly, then, the integrated employer here must have employed at least 50 workers during 20 or more calendar workweeks in either 2003 or 2004.

In her effort to make this showing, Plaintiff asked Defendant to admit "[t]hat one or more of the concerns identified in [another request for admission] employed the following persons for a minimum of 20 weeks (i.e., that the named person appeared on said concern(s) payroll record) during the calendar year 2004." (Plaintiff's Response, Ex. J, Defendant's Response to Plaintiff's First Request for Admissions at 7-8; see also Defendant's Reply, Ex. LL (reproducing Plaintiff's requests and Defendant's responses in

9

their entirety).)[7] She then listed the names of a number of individuals, and Defendant responded by either admitting or denying that each of these individuals was employed by one or more of the identified "concerns" for a minimum of 20 weeks in 2004. (See id.) As a result of these responses, Plaintiff has identified 42 individuals who, by Defendant's own admission, were employed by the GBDC/CFD "integrated employer" for at least 20 weeks during calendar year 2004.[8] In addition, she has named 13 other individuals who, through her review of the records produced during discovery, she has learned were also employed by this "integrated employer" for at least 20 weeks during 2004.[9]

There is a fatal flaw in Plaintiff's numerical analysis, however. Under the FMLA and its implementing regulations, it is not enough to identify 50 or more employees who worked 20 or more weeks in a calendar year. Rather, the pertinent question is whether there were 20 or more weeks during the year in which the employer maintained 50 or

---

[7]While Plaintiff sought similar admissions as to calendar year 2003, she does not contend that the record would establish the requisite 50-employee threshold for this prior year.

[8]Elsewhere in her requests for admissions, Plaintiff defined the relevant "concerns" as GBDC, CFD, *and* Dental Group of America Specialty Center, P.C. (See Defendant's Reply, Ex. LL.) She then listed the names of 57 individuals, and elicited 46 admissions and 11 denials in response. (See id.) The summary prepared by Plaintiff's counsel, however, lists only 42 of the 46 individuals for which Plaintiff received admissions of at least 20 weeks of employment in 2004. (See Plaintiff's Response, Ex. J.) This discrepancy evidently is explained by Plaintiff's statement in her response brief that "[e]mployees of Dental Group of America Specialty Center, P.C. are not included in" her attorney's list of 55 employees. (Plaintiff's Response Br. at 18 n.24.) This, of course, is consistent with Plaintiff's position that only GBDC and CFD, and not Dental Group of America Specialty Center, should be treated as her "integrated employer" for purposes of her FMLA claims.

[9]Defendant contends that Plaintiff has double-counted one individual — the individual identified as "Jody" in Plaintiff's initial list of 42 employees evidently is the same person as the individual identified as "Joan Spohn" in Plaintiff's list of 13 additional employees.

10

more employees on its payroll. See 29 U.S.C. § 2611(4)(A)(i); see also 29 C.F.R. § 825.105(e). The focus, in other words, is on the *employer*, and not each individual *employee*.

In contrast, Plaintiff's requests for admissions, summary of corporate records, and resulting list are focused on individual employees rather than the GBDC/CFD integrated employer. As a result, Defendant's admissions are entirely consistent with the possibility that, for example, 21 of the 42 individuals named on Plaintiff's initial list worked only the *first* 20 weeks of 2004, while the remaining 21 individuals worked only the *last* 20 weeks of 2004. Similarly, as to Plaintiff's list of 13 additional employees, no effort has been made to address the degree (or lack) of overlap in the 20 or more weeks worked by each of these employees in 2004.[10] Plaintiff's list, then, simply does not establish that GBDC/CFD, as a single integrated employer, maintained 50 or more employees on its payroll during 20 or more workweeks in calendar year 2004.

To be sure, just as Plaintiff's evidence is consistent with the possibility that GBDC/CFD *did not* employ 50 or more workers during 20 or more weeks in 2004, it does not foreclose the possibility that this integrated employer *did*, in fact, employ the requisite number of workers for at least the requisite number of workweeks during this calendar year. Yet, Defendant's submissions defeat any opportunity for conjecture on this point. In particular, Defendant has produced the affidavit of administrative assistant Kathy

---

[10]Simple inspection reveals, for instance, that one individual, Donna Walker, evidently was employed for 32 workweeks spanning until July 25, 2004, while the next individual on the list, Cynthia Banghart, apparently was employed for 22 workweeks *beginning* on July 26, 2004.

Walker, who states that she has "reviewed the payroll records for Grand Blanc Dental Center and Convenient Family Dentistry for 2004" and found that "[t]here were not 20 work weeks during 2004 when Grand Blanc Dental Center and Convenient Family Dentistry had, combined, 50 or more employees on the payroll." (Defendant's Reply, Ex. MM, Walker Aff. at ¶ 3.) Plaintiff has not pointed to any evidence that calls this assertion into question.

Because the 50-employee threshold is an element of Plaintiff's FMLA claims, she presumably could not forestall summary judgment through evidence that is merely consistent with the satisfaction of this element, while providing the trier of fact with no means of determining whether this 50-employee prerequisite has actually been met. But Defendant has done more, producing affirmative evidence that this element *cannot* be satisfied. Because Plaintiff has not pointed to anything in the record that contradicts or casts doubt upon this evidence, it readily follows that Defendant is entitled to summary judgment in its favor on Plaintiff's claims under the FMLA.[11]

## IV. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED IN PART as to Plaintiff's ineligibility for coverage

---

[11]Having resolved Plaintiff's federal claims, the Court declines to address Defendant's challenge to Plaintiff's state-law claim of intentional infliction of emotional distress, but instead will refrain from exercising supplemental jurisdiction over this remaining claim. See 28 U.S.C. § 1367(c)(3).

under the FMLA, with the Court declining to reach the remaining arguments advanced in support of Defendant's motion.

s/Gerald E. Rosen			
Gerald E. Rosen  
United States District Judge

Dated: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry			
Case Manager