**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JULIE A. DOBROWIAK,

      Plaintiff,

v.

      Case No. 04-73495
      Hon. Gerald E. Rosen

CONVENIENT FAMILY DENTISTRY, INC.,

      Defendant.

_____/

**ORDER DENYING PLAINTIFF'S
<u>MOTION FOR RELIEF FROM JUDGMENT</u>**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    <u>February 15, 2008</u>

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

By opinion and order dated September 28, 2007, the Court awarded summary judgment in Defendant's favor on Plaintiff's claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.,* finding that Plaintiff had failed to raise a genuine issue of material fact as to whether Defendant met the 50-employee threshold of an "employer" under the FMLA. Plaintiff has since appealed from this ruling. In addition, by motion filed on November 27, 2007, Plaintiff seeks relief from this Court's judgment pursuant to Fed. R. Civ. P. 60(b), arguing that her counsel's post-judgment review of the record has revealed that Defendant did, in fact, have sufficient employees on its 2004 payroll to qualify as an "employer" under the FMLA. For the reasons set

forth below, the Court finds that this post-judgment review does not provide a basis for relief under Rule 60(b).

In granting summary judgment in Defendant's favor on the issue of Defendant's status as an "employer" under the FMLA, the Court found that the evidence produced by Plaintiff was insufficient as a matter of law to establish the statutory 50-employee threshold — *i.e.,* that Defendant must have "employ[ed] 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i); see also 29 C.F.R. § 825.105 (describing how the 50-employee threshold should be determined). While Plaintiff identified more than 50 employees who purportedly worked for Defendant for 20 or more weeks during the 2004 calendar year, the Court observed that the "pertinent question" under the FMLA was "whether there were 20 or more weeks during the year in which the employer maintained 50 or more employees on its payroll." (9/28/2007 Op. at 10-11.) Because Plaintiff's evidence, even if viewed in her favor, did not establish this element of her FMLA claims, but instead would have left the trier of fact to speculate whether there were at least 20 weeks during calendar year 2004 where at least 50 of the employees identified by Plaintiff were on Defendant's payroll, the Court found that Defendant was entitled to summary judgment in its favor. (See id. at 11-12.)[1]

---

[1] The Court further observed that the record left no room for the trier of fact to even speculate about the degree of overlapping work weeks among the employees identified by Plaintiff, where Defendant had attached an affidavit to its reply brief stating that there were not, in fact, 20 or more work weeks in 2004 during which Defendant had 50 or more employees on its payroll. (See id. at 11-12.)

In support of her present motion for relief from the Court's judgment, Plaintiff contends that she has overcome the need for the trier of fact to speculate on this point, because she and her counsel have discovered upon a post-judgment review of the record that Defendant had 50 or more employees on its payroll for more than 20 — and, in fact, at least 46 — work weeks in calendar year 2004. Assuming, for present purposes, that this is so, the question becomes whether this post-judgment review provides a basis for relief under any of the subsections of Rule 60(b). The Court finds that it does not.[2]

At first glance, Plaintiff's argument seems best suited for analysis under subsection (2), which permits a court to provide relief from its judgment in the event of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Yet, Plaintiff does not contend that her post-judgment review rests upon newly discovered evidence that could not have been presented in response to Defendant's summary judgment motion. Rather, she asserts only that she reviewed the *existing* record in a *different way*, in light of the Court's explanation in its September 28, 2007 opinion that her prior analysis and presentation of evidence did not address the "pertinent question" under the FMLA and its implementing regulations. Thus, the "newly discovered evidence" standard of Rule

---

[2] As a threshold matter, Defendant contends that Plaintiff's appeal from the Court's award of summary judgment has divested the Court of jurisdiction over this case. While Defendant is generally correct, the Sixth Circuit has recognized that district courts have at least some discretion to entertain a motion for relief from judgment notwithstanding a pending appeal. See, e.g., Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 359 n.1 (6th Cir. 2001); LSJ Investment Co. v. O.L.D., Inc., 167 F.3d 320, 324 (6th Cir. 1999). Because Plaintiff's motion is fairly readily resolved, the Court elects to consider it.

60(b)(2) is unhelpful to Plaintiff here, and she does not suggest otherwise in her motion.

Instead, Plaintiff seemingly appeals primarily to subsection (1) of the Rule, which authorizes relief from a judgment in the event of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In essence, Plaintiff argues that her failure to marshal the appropriate evidence in her response to Defendant's summary judgment motion was attributable to a combination of (i) her attorney's reading of the relevant FMLA provision and corresponding regulation as dictating merely that 50 or more individuals must have been employed by Defendant for at least 20 weeks during the 2004 calendar year, without regard for the overlap (or lack thereof) in the weeks worked by these employees, (see Plaintiff's Motion at 3), and (ii) her and her attorney's primary focus upon a different argument that Defendant had raised and addressed at length in its summary judgment motion and initial brief in support — namely, that the two separate entities for which Plaintiff worked in 2003-04, Grand Blanc Dental Center and Convenient Family Dentistry, did not qualify as an "integrated employer" whose employees could be aggregated for purposes of satisfying the FMLA's 50-employee threshold, (see Plaintiff's Motion, Br. in Support at 2). Although her motion is unclear on this point, Plaintiff seemingly suggests that this combination of factors constitutes "mistake," "inadvertence," "surprise," or "excusable neglect" within the meaning of Rule 60(b)(1).

As Defendant points out, however, to the extent that Plaintiff's request for relief from the Court's judgment rests upon her counsel's mistaken understanding of the law,

4

such a "mistake" does not warrant relief under Rule 60(b)(1). The Sixth Circuit has recognized on more than one occasion that "claims of attorney error and legal malpractice foreclose an award of relief under Rule 60(b)(1)." McCurry *ex rel.* Turner v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 593 (6th Cir. 2002); see also FHC Equities, L.L.C. v. MBL Life Assurance Corp., 188 F.3d 678, 684-87 (6th Cir. 1999). The other circuits are in agreement on this point. See, e.g., Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101-02 (9th Cir. 2006) ("A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney."); Jones v. United States, 255 F.3d 507, 511 (8th Cir. 2001) (explaining that "an attorney's ignorance or carelessness is not cognizable under Rule 60(b)"); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 (10th Cir. 1996) ("Rule 60(b)(1) is not available to provide relief when a party takes deliberate action upon advice of counsel and simply misapprehends the consequences of the action.").

Nor can the Court accept Plaintiff's contention that her failure to produce evidence that would satisfy the FMLA's 50-employee threshold was attributable to her and Defendant's mutual focus on a different issue — *i.e.,* the "integrated employer" standard. To be sure, Defendant and Plaintiff alike devoted significant portions of their summary judgment briefing to this issue. Yet, as the Court observed in its September 28, 2007 opinion, **Plaintiff herself** recognized in her response to Defendant's motion that it was not enough, standing alone, for Plaintiff to raise issues of fact as to the applicability of the "integrated employer" standard, absent Plaintiff's identification of "evidence which, if

5

viewed in a light most favorable to her, establishes that this '[integrated] employer' met the 50-employee statutory threshold during the relevant time period." (9/28/2007 Op. at 8 (citing Plaintiff's Response Br. at 15).) Thus, Plaintiff can hardly claim surprise that the Court proceeded to address this 50-employee requirement, where Plaintiff (i) acknowledged that she had to satisfy this prerequisite, (<u>see</u> Plaintiff's Response at 15), (ii) cited the pertinent statutory provision and regulations governing this prerequisite, (<u>see</u> <u>id.</u> at 18), and then (iii) pointed to evidence that purportedly satisfied this requirement or, at a minimum, "raised a sufficient issue of material fact to survive summary judgment," (<u>id.</u>).

Even if Plaintiff could plausibly claim surprise that the Court might actually evaluate her evidence to ascertain whether it raised such an issue of fact as to the 50-employee requirement, any such surprise surely must have dissipated by the time (i) Defendant pointed out in its reply brief that Plaintiff's evidence failed as a matter of law to satisfy the 50-employee requirement, or (ii) the Court issued its September 28, 2007 opinion agreeing with Defendant on this subject. In light of these developments, Plaintiff could have sought leave to file a supplemental brief addressing and curing the evidentiary defects identified in Defendant's reply brief. Alternatively, she could have filed a motion for reconsideration under Fed. R. Civ. P. 59(e) and Local Rule 7.1(g) of this District. Instead, she waited until ***two months after*** the Court's ruling to file the present motion under Rule 60(b). As the Sixth Circuit has observed, and as a number of other courts also have recognized, "Rule 60(b) . . . does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling."

6

Jinks v. AlliedSignal, Inc., 250 F.3d 381, 387 (6th Cir. 2001); see also Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001) ("A motion for relief from judgment cannot be used merely to reargue a point already decided."); Cody, Inc. v. Town of Woodbury, 179 F.3d 52, 56 (2d Cir. 1999) (affirming the denial of a Rule 60(b) motion that "sought predominantly to reargue the merits of the district court's decision"); Cashner, 98 F.3d at 577 ("Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996) (explaining that a "party seeking to defeat a motion for summary judgment is required to wheel out all its artillery to defeat it," and may not later seek to "rehash[] previously rejected arguments or argu[e] matters that could have been heard during the pendency of the previous motion" (internal quotation marks and citations omitted)).

Finally, Plaintiff suggests that the present motion is intended to correct a "mistake" that influenced the Court's decision. Specifically, Plaintiff asserts that Defendant misled the Court through an affidavit accompanying its reply brief, in which one of its employees affirmatively stated that the statutory 50-employee threshold was not met in calendar year 2004 even if the two entities for which Plaintiff worked during this period were considered a single "integrated employer." (See Defendant's Reply Br., Ex. MM, Kathy Walker Aff. at ¶¶ 3-4.) Plaintiff contends that this affidavit is incorrect, in light of

7

her post-judgment review that purportedly establishes that the 50-employee threshold *was* met in calendar year 2004.

It is not necessary for the Court to assess the accuracy of this affidavit, however, because it is clear that it did not play a decisive role in the Court's award of summary judgment in Defendant's favor. As explained in the September 28, 2007 opinion, "[b]ecause the 50-employee threshold is an element of Plaintiff's FMLA claims, she presumably could not forestall summary judgment through evidence that is merely consistent with the satisfaction of this element, while providing the trier of fact with no means of determining whether this 50-employee prerequisite has actually been met." (9/28/2007 Op. at 12.) While Defendant's affidavit, if credited, would have affirmatively established that the 50-employee threshold was *not* met, it was not Defendant's burden to *disprove* this element of Plaintiff's case. Rather, Defendant met its initial summary judgment burden by asserting that the record was insufficient as a matter of law to establish this element of Plaintiff's FMLA claims. At that point, Plaintiff was obligated to produce evidence which, viewed most favorably to her, could sustain the conclusion that the 50-employee threshold was met. She failed to do so. Even assuming, then, that Plaintiff could properly wait until after the entry of judgment to correct a purported error that should have been evident to her much earlier, the Court finds no "mistake" that would warrant relief under Rule 60(b)(1) from its award of summary judgment in

Defendant's favor.[3]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's November 27, 2007 motion for relief from judgment is DENIED.

                                                    s/Gerald E. Rosen
                                                    Gerald E. Rosen
                                                    United States District Judge

Dated: February 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 15, 2008, by electronic and/or ordinary mail.

                                                  s/LaShawn R. Saulsberry
                                                Case Manager

---

[3] To the extent that Plaintiff relies upon Rule 60(b)(6) as a basis for relief from the Court's judgment, it is well established that this subsection "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." McCurry, 298 F.3d at 595 (internal quotation marks and citation omitted). Because Plaintiff's various claims of mistake, surprise, excusable neglect, new evidentiary analysis, and the like "fit quite comfortably within the range of circumstances addressed in" subsections (1) and (2), "it clearly would be inappropriate to invoke subsection (b)(6) to grant relief that is foreclosed under" these other subsections. McCurry, 298 F.3d at 596.